## STATE OF MISSOURI vs. AMOS WELKER.

In an indictment for fraudulently mortgaging premises previous conveyed, without a recitation of the fact, the offence must be charged with sufficient certainty both as to time and place. If no venue be laid in the indictment, it will be defective.

### APPEAL from Cape Girardeau Circuit court.

COOK, for respondent.

The point arising in this case upon the record, is the want of venue of the alleged offence. The indictment does not show where or within what jurisdiction the alleged second deed was executed; the residence of the parties does not supply the defect.

The indictment is also defective in that it vaguely sets out the deed to Grief Roe, "a deed for the conveyance" of certain tracts of land; defines nothing in regard to the legal qualities or properties of the deed. The description of the tract deed is yet more defective. It is also suggested that in order to bring the sufficiency of the indictment in review before this court, the motion to quash (which is an incident in the progress of the cause) should have been brought to the record by bill of exceptions.

RYLAND, J., delivered the opinion of the court.

The defendant Welker was indicted in the Cape Girardeau circuit

court at November term, 1850, for fraudulently making a mortgage to certain lands, which he had before sold and conveyed to another person, without reciting the fact in the mortgage deed of such previous sale.

The defendant appeared in court, and moved the court to quash the indictment. The main reason assigned in support of the motion is the want of venue. The court sustained the motion, quashed the indictment; the circuit attorney prayed an appeal for the State, and brings the case to this court.

Upon inspecting the indictment, we come to the conclusion, that the court below committed no error in sustaining the motion to quash. The indictment is obviously defective. There is no venue laid in the indictment to the charge of making the mortgage deed. The offence consists in making the second conveyance without reciting the first; and this offence must be charged with sufficient certainty, both as to time and place. Here, there is no averment of place, no venue; and this defect sufficiently warranted the action of the circuit court in quashing the indictment.

The judgment is therefore affirmed.